IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. EASLEY,

     Plaintiff,                            No. CIV S-08-1432 MCE EFB PS

     vs.

COUNTY OF EL DORADO,
EL DORADO COUNTY SHERIFF DEPT.,
EL DORADO PROBATION DEPT.,
DEPT. SHERIFF MIKE COOK (SED),
DEPT. SHERIFF RICH HORN (SED),     ORDER
EL DORADO DISTRICT ATTORNEY'S
OFFICE, VERN R. PIERSON (Formerly
G.L. Lacy), DEPT. TRACY, CALIFORNIA
STATE BAR ASSOCIATION, SHERIFF
NEVES, STATE OF CALIFORNIA,

     Defendants.
_____/

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

     Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

////

1

Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

Plaintiff initiated this action on June 23, 2008, by filing a complaint and an application to proceed *in forma pauperis*. He filed an amended complaint on July 10, 2008, which the court deems the to be the operative complaint for screening purposes under § 1915. The amended complaint fails to provide a short and plain statement of a claim entitling plaintiff to relief. Although he purports to bring this suit pursuant to 42 U.S.C. § 1985 for violations of the First, Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution, he fails to allege facts supporting such claims.

////

////

////

////

Section 1985 proscribes conspiracies to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).[1] To state a claim for conspiracy under § 1985(3), a plaintiff must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Further, a plaintiff must allege that some racial, or class-based, invidiously discriminatory animus lay behind the conspirators' action. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, (1993) (internal citations and quotations omitted).

Plaintiff makes no allegations about his race. While he makes a general allegation that he was arrested by defendants because they wanted to "crucify" him, and allegedly because he was a Christian, he has not alleged that he is "a member of a class to which the protections of § 1985(3) apply." *Orin v. Barclay*, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001). The "term 'class,' as used in the statute unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." *Id*. (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (internal quotations omitted)). The Ninth Circuit has held that section "1985(3) extends beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Id.* (quoting *Sever v. Alaska Pulp Corp*., 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotations omitted)). Plaintiff has alleged no such facts with regard to himself or to those of the Christian faith.

---

[1] Because plaintiff does not allege facts that would invoke the first two subsections of § 1985, the court assumes he means to allege a claim under § 1985(3). *See* 42 U.S.C. § 1985 (subsection one of which prohibits conspiracies to prevent an officer from performing his duties; subsection two of which prohibits conspiracies to obstruct justice in a court of law).

3

Indeed, his allegations are largely incomprehensible. He sets forth various anagrams and word puzzles, which purportedly demonstrate the conspiracy against him. The court is unable to discern what these "puzzles" mean or otherwise demonstrate. As such, they fail to provide the defendants (or the court) with "fair notice of what [plaintiff's] claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Moreover, to the extent plaintiff means to state a claim against the State of California, he cannot do so. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies).

Further, to the extent plaintiff intends to challenge what he appears to allege is a conviction for spousal abuse, he has failed to state a claim for such relief. The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), determined that a civil rights action which implicates the validity of a criminal conviction cannot be brought until the conviction or sentence has been reversed on direct appeal. More precisely, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages based on an allegedly wrongful conviction or sentence that has not been so invalidated is not cognizable under § 1983. Because plaintiff has failed to allege or otherwise present evidence that he was convicted, or that his conviction has been invalidated, expunged or reversed, this aspect of plaintiff's claim fails.

Finally, to the extent plaintiff seeks to pursue claims under 42 U.S.C. § 1983 against the El Dorado District Attorney's Office and its employees for initiating criminal proceedings

4

against him, the claims are barred under the doctrine of prosecutorial immunity. "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutors are fully protected by absolute immunity when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case."). Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. *See Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

For the foregoing reasons, the court dismisses plaintiff's amended complaint for failure to state a claim. The court will nonetheless grant plaintiff leave to file a second amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file a second amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each defendant.

Plaintiff is further informed that, should he file a second amended complaint, the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files a second amended complaint, the previous complaints no longer serve any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in

an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 11-110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Plaintiff's amended complaint is dismissed with leave to amend; and,

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: October 29, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6