IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. EASLEY,

    Plaintiff,

vs.

COUNTY OF EL DORADO, et al.,

    Defendants.
_____/

No. CIV S-08-1432 MCE EFB PS

ORDER

The order filed October 29, 2008, granted plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That order gave plaintiff leave to file a Second Amended Complaint, which he timely filed on December 1, 2008.[1]

Plaintiff also requested that this case be placed on "suspense" for a period of at least two months to accord plaintiff adequate time to address matters associated with the death of his father, who lived outside California. Dckt. No. 8. Although plaintiff has not demonstrated a basis to formally stay the case, the requested period has now expired and plaintiff's request is therefore moot.

////

---

[1] Plaintiff's request for an extension of time to file his Second Amended Complaint, Dckt. No. 7, is therefore moot.

1

At issue now is the sufficiency of plaintiff's Second Amended Complaint, Dckt. No. 9, and plaintiff's request that the court direct the U.S. Marshal to serve it, Dckt. No. 11.

Plaintiff's second amended complaint is, in part, significantly more clear than his preceding complaints, and appears to set forth some prima facie claims,[2] but several problems persist. Rather than complying with the rather simple requirements of Rule 8 of the Federal Rules of Civil Procedure, plaintiff has eschewed a short and plain statement of his intended claim or claims and again included throughout the complaint anagrams or, more precisely, cryptographs, with claims based upon their construction, including the alleged conspiracy to "crucify" or deny plaintiff his civil rights based on his Jewish faith. The complaint includes a word of advice to the court that construction of these claims will require an interested reader and some effort, including reference to the key provided. The 40-page complaint ends abruptly, without a consolidated statement setting forth the relief plaintiff seeks. No doubt the plaintiff finds his word puzzles and cryptographs amusing, but the object of the complaint is not to present riddles for the defendants or the court to guess at the intended meaning. Neither is a civil action a game. The court's prior order delineated with particularity the requirements for pleading a cause of action, including the requirement of Rule 8 for brevity and clarity.

////

---

[2] For example, the second amended complaint sets forth the following prima facie claims, asserted against specific defendants, for specified incidents:

Count I. False arrest, illegal search, and false imprisonment in December 2003, in violation of the Fourth and Fourteenth Amendments, asserted pursuant to 42 U.S.C. § 1983.
Count II. Malicious prosecution and seizure in violation of the Fourth and Fourteenth Amendments, asserted pursuant to 42 U.S.C. § 1983, based in part on the allegation that "[e]ach of the criminal prosecutions terminated in favor of the Plaintiff." SAC, at p. 10
Count III. Fabrication of false evidence, in violation of the Fourth and Fourteenth Amendments, asserted pursuant to 42 U.S.C. § 1983.
Count IV. Supervisory personnel had "contemporaneous knowledge" of this allegedly unconstitutional conduct, and thus "agreed to, approved, and ratified" such conduct, rendering the County liable under *Monell*.
Counts V, VI and VII also appear to set forth prima facie claims based on a separate incident.

2

| 1 | While it is apparent from some of the text in the complaint that plaintiff is capable of
| 2 | drafting coherent sentences he confounds his own allegations with the inclusion of his musings
| 3 | and puzzles, which the court finds legally frivolous. A claim is legally frivolous when it lacks an
| 4 | arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin
| 5 | v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Both factors are met here. Plaintiffs'
| 6 | cryptographic claims are factually unfounded, and present indisputably meritless legal theories.
| 7 | *Neitzke*, 490 U.S. at 327. In addition, the second amended complaint is non-responsive to the
| 8 | analysis and admonitions set forth in the court's prior order, filed October 29, 2008, see Dckt.
| 9 | No. 6, and fails the defects identified in that order.

Accordingly, the Second Amended Complaint must be dismissed. Plaintiff will be accorded *one final opportunity* to file a complaint that conforms to the court's orders, as well as to the local and federal rules.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file a Third Amended Complaint that is *no more than 25-pages in length*.

3. The Third Amended Complaint *shall not include or reference* any type of cryptograph, anagram, otherwise coded letters or numbers, or any other type of puzzle or riddle.

4. The Third Amended Complaint shall bear the docket number assigned to this case and must be labeled "Third Amended Complaint;" it shall include all pertinent matters without reference to any prior pleading.

5. *Failure of plaintiff to timely file a Third Amended Complaint in accordance with the requirements set forth in this order and the court's order filed October 29, 2008, shall result in a recommendation this action be dismissed.*

IT IS SO ORDERED.

DATED: May 12, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE