IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. EASLEY,

    Plaintiff,

    v.

COUNTY OF EL DORADO;
EL DORADO SHERIFF'S
DEPARTMENT; EL DORADO
PROBATION DEPARTMENT; MIKE
COOK; RICHARD HORN; HAL
BARKER; OLGA HOPKINS; JEFF
NEVES; and NOLAN TRACY,

    Defendants.
_____/

No. 2:08-cv-01432 MCE KJN PS

ORDER

    Plaintiff, who is proceeding without counsel and in forma pauperis, filed his original complaint on June 23, 2008.[1] (Dkt. No. 1.) The operative complaint is plaintiff's Third Amended Complaint. (Dkt. No. 16.)

    The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 17).

1

2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

The court previously dismissed plaintiff's Amended Complaint and Second Amended Complaint without prejudice pursuant to its screening authority contained in 28 U.S.C. § 1915.[2] (Dkt. Nos. 6, 12.) However, the undersigned cannot conclude on the present record that plaintiff's Third Amended Complaint fails to state claims on which relief can be granted. The undersigned reserves decision on plaintiff's claims until the record is sufficiently developed, and this order in no way precludes defendants from challenging plaintiff's Third Amended Complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate methods of challenging plaintiff's pleading. Accordingly, the undersigned will order service of the Third Amended Complaint on all defendants.

The undersigned notes that plaintiff's Amended Complaint and Second Amended Complaint contained anagrams, cryptographs, and word puzzles ostensibly designed to amuse plaintiff. The court previously admonished plaintiff that a lawsuit is not a game, and that such behavior would not be well-tolerated by the court. (Dkt. No. 12 at 2.) Plaintiff's Third Amended Complaint, which does not contain anagrams, cryptographs, and word puzzles, suggests that

---

[2] The court screened plaintiff's prior complaints pursuant to 28 U.S.C. § 1915, not 28 U.S.C. § 1915A. Although it appears that plaintiff presently resides in the Main Jail Complex in San Jose, California (Third Am. Compl. at 1), the record suggests that he was not in custody at the time he filed his Amended Complaint and Second Amended Complaint. (See Dkt. Nos. 4, 9.)

plaintiff is now taking his lawsuit more seriously.  Plaintiff is again reminded, however, that he will face sanctions, including possible dismissal of his lawsuit, should he decide to again treat these proceedings as a game.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of plaintiff's Third Amended Complaint is appropriate for the following defendants: County of El Dorado, El Dorado County Sheriff's Department, El Dorado County Probation Department, Mike Cook, Richard Horn, Hal Barker, Olga Hopkins, Jeff Neves, and Nolan Tracy.

2. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

3. The Clerk of Court shall send plaintiff nine USM-285 forms, one summons, an endorsed copy of the Third Amended Complaint filed December 7, 2009 (Dkt. No. 16), this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

4. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served; and

5. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

6. The U.S. Marshal shall serve process, with copies of this court's

3

1 scheduling order and related documents, within 90 days of receipt of the required information
2 from plaintiff, without prepayment of costs.  *The United States Marshal shall, within 10 days*
3 *thereafter, file a statement with the court that such documents have been served.*  If the U.S.
4 Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall
5 promptly report that fact, and the reasons for it, to the undersigned.

6         7.      The Clerk of Court shall serve a copy of this order on the United States
7 Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

8         8.      Plaintiff's failure to comply with this order may result in a
9 recommendation that this action be dismissed.

10              IT IS SO ORDERED.
11 DATED:  May 21, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE