1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY D. EASLEY,

11           Plaintiff,                            No. 2:08-cv-01432 MCE KJN PS

12      v.

13   COUNTY OF EL DORADO;
     EL DORADO SHERIFF'S
14   DEPARTMENT; EL DORADO
     PROBATION DEPARTMENT; MIKE
15   COOK; RICHARD HORN; HAL
     BARKER; OLGA HOPKINS; JEFF
16   NEVES; and NOLAN TRACY,

17   _____  Defendants.              ORDER

18   _____/

19           Presently before the court is an ex parte motion filed by plaintiff on September 3,

20   2010 (Dkt. No. 24), which seeks: (1) a 30-day extension of time in which to file an opposition to

21   a pending motion to dismiss filed by several of the defendants in this action (Dkt. No. 23); and

22   (2) a continuance of the hearing on the pending motion to dismiss, which is currently set to be

23   heard by the undersigned on September 30, 2010.  Although plaintiff's motion constitutes a

24   procedurally defective ex parte request for an extension of time, the undersigned will grant

25   plaintiff's motion in part, continue the hearing on the pending motion to dismiss until October

26   21, 2010, and order that plaintiff file and serve an opposition to the motion to dismiss no later

                                          1

than October 7, 2010.

Plaintiff is proceeding without counsel and in forma pauperis.  On May 24, 2010, the undersigned ordered service of plaintiff's Third Amended Complaint.  (Dkt. No. 18.)  On August 24, 2010, the following defendants filed a motion to dismiss plaintiff's Third Amended Complaint: defendants County of El Dorado, Mike Cook, Richard Horn, Olga Hopkins, and Nolan Tracy ("moving defendants").  (Dkt. No. 23.)  The moving defendants noticed their motion for a hearing to take place before the undersigned on September 30, 2010.  Accordingly, pursuant to this court's Local Rules, plaintiff's written opposition or statement of non-opposition must be filed on or before September 16, 2010.  See E. Dist. Local Rule 230(c).

On September 3, 2010, plaintiff filed a "Motion for Enlargement of Time to File Opposition to Motion to Dismiss, and Reschedule 9/30/2010 Hearing to A Later Date."  (Dkt. No. 24.)  Plaintiff requests that the court extend the deadline for him to file an opposition to the moving defendants' motion to dismiss until 30 days from September 2, 2010, i.e., October 2, 2010.  He also requests that the court continue the hearing on the pending motion to dismiss until 30 days after he files a written opposition.

Plaintiff cites several circumstances in support of the requested extension of time and continuance.  First, plaintiff states that the moving defendants served their motion on plaintiff at an incorrect address and, in turn, delayed plaintiff's receipt of the moving papers by eight days.  He is correct.  Although plaintiff's street address on file with the court is "18525 Old Monterey Road," the moving defendants apparently served their motion on plaintiff at "18525 Old Montgomery Road."  (Compare Dkt. No. 21 (Notice of Change of Address), with Dkt. No. 23 at 3 (Certificate of Service).)

Second, plaintiff states that he is due to appear in a "criminal trial" in San Benito County on September 23, 2010, and that the trial date is not subject to change.  Moreover, plaintiff contends that the judge in that criminal matter has required him to prepare and file a motion to suppress evidence no later than September 14, 2010.  Plaintiff has indicated that he is

2

1    representing himself in that matter.

2           Third, plaintiff contends that he "is required to file an appeal in another state

3    criminal matter" on or before September 30, 2010.  Plaintiff has indicated that he proceeding

4    without counsel in that matter as well.

5           Finally, plaintiff notes that although he has been diligently preparing for this case,

6    a computer disk containing relevant information was broken beyond repair during a house fire.

7    He states that he is diligently attempting to "recompose" the information he had planned to

8    submit to the court.

9           Plaintiff's motion for an extension of time and a continuance is not a properly

10   noticed motion under Eastern District Local Rule 230(b).  However, Eastern District Local Rule

11   144(c) provides:

12          **(c) Initial Ex Parte Extension.**  The Court may, in its discretion, grant an
             initial ex parte application upon the affidavit of counsel that a stipulation
13          extending time cannot reasonably be obtained, explaining the reasons why
             such a stipulation cannot be obtained and the reasons why the extension is
14          necessary.  Except for one such initial extension, ex parte applications for
             extension of time are not ordinarily granted.

15

16          Plaintiff's ex parte motion is procedurally defective in that it does not state that a

17   stipulation extending time cannot reasonably be obtained or explain the reasons why such a

18   stipulation cannot be obtained.  Nevertheless, in light of the apparent service error on the moving

19   defendants' part, and the lack of discernable prejudice to the moving defendants that would result

20   from granting a modest extension of time and continuance, the undersigned will grant plaintiff's

21   motion in part.

22          Accordingly, IT IS HEREBY ORDERED that:

23          1.      Plaintiff's ex parte motion for an extension of time is granted in part.

24          2.      The hearing on the pending motion to dismiss plaintiff's Third Amended

25   Complaint (Dkt. No. 23), which is presently set to be heard on September 30, 2010, is continued

26   and will be heard by the undersigned on October 21, 2010, at 10:00 a.m., in Courtroom 25.

3.      Plaintiff shall file and serve a written opposition to the pending motion to dismiss, or a statement of non-opposition, on or before October 7, 2010.  Plaintiff is warned that under the court's Local Rules, "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  E. Dist. Local Rule 230(c).

4.      The moving defendants may file a written reply to plaintiff's opposition, if any, on or before October 14, 2010.

5.      The undersigned will not grant any further requests for extensions of time or continuances made by plaintiff absent extraordinary circumstances.

IT IS SO ORDERED.

DATED:  September 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4