IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. EASLEY,

             Plaintiff,                              No. 2:08-cv-01432 MCE KJN PS

       v.

COUNTY OF EL DORADO;
EL DORADO SHERIFF'S
DEPARTMENT; EL DORADO
PROBATION DEPARTMENT; MIKE
COOK; RICHARD HORN; HAL
BARKER; OLGA HOPKINS; JEFF
NEVES; and NOLAN TRACY,
                                                     ORDER and FINDINGS AND
             Defendants.                             RECOMMENDATIONS
_____/

             Presently before the court is a motion to dismiss plaintiff's Third Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the following

defendants: the County of El Dorado, which was also sued as the El Dorado County Sheriff's

Office and the El Dorado County Probation Department; Mike Cook; Richard Horn; Olga

Hopkins; and Nolan Tracy (collectively "defendants").[1]  (Dkt. No. 23.)  The court heard this

matter on its law and motion calendar on October 21, 2010.  Attorney Andrew T. Caulfield

---

[1]  Although not all of the named defendants have joined in the pending motion to dismiss, the undersigned will collectively refer to the moving defendants as "defendants" for the purpose of this order and proposed findings and recommendations.

1  appeared on behalf of defendants.  Plaintiff, who is proceeding without counsel, appeared on his

2  own behalf.  For the reasons that follow, the undersigned will recommend that defendants'

3  motion to dismiss be granted and that all of plaintiff's claims be dismissed with prejudice as to

4  the above-referenced defendants.[2]

5  I.      BACKGROUND

6         Plaintiff's Third Amended Complaint, which is the operative complaint, alleges

7  that several defendants violated plaintiff's constitutional rights and seeks recovery, in large part,

8  pursuant to 42 U.S.C. § 1983.  (See generally Third Am. Compl., Dkt. No. 16.)  Plaintiff also

9  alleges two claims under California state law.  Generally, plaintiff's claims arise from his

10 interactions with officers of the El Dorado County Sheriff's Office in the years 2003 and 2005.

11        Briefly stated, plaintiff alleges that on or about December 11, 2003, defendants

12 Horn and Cook, who are alleged to have been officers with the El Dorado County Sheriff's

13 Office ("Sheriff's Office"), unlawfully entered plaintiff's cabin without warning, conducted an

14 illegal search of the premises, and used physical force to handcuff and arrest or "imprison"

15 plaintiff.  (Third Am. Compl. at 3, 4-5.)  This arrest also led to what plaintiff alleges was a

16 malicious criminal prosecution proceeding under "Case # P03CRF0694" in the Superior Court of

17 California for the County of El Dorado ("Superior Court"), which is alleged to have been

18 ultimately terminated in plaintiff's favor.  (Id. at 5-6, 8.)  Plaintiff alleges a number of claims,

19 discussed in more detail below, that arise out of the December 11, 2003 arrest and resulting

20 criminal prosecution.

21        Plaintiff also alleges that on or about March 16, 2005, defendant Nolan Tracy,

22 who is alleged to have been an officer with the Sheriff's Office, "accosted" plaintiff near

23

24 _____

25      [2]  Although Deputy Jeff Neves is a named defendant but not a moving defendant, the
   undersigned notes that in plaintiff's written opposition, plaintiff states that he "is not pursuing
   civil litigation against Deputy Jeff Neves."  (Dkt. No. 28 at 16.)

26

1   plaintiff's home, used physical force to handcuff plaintiff, and falsely arrested plaintiff.  (Id. at 3,

2   11.)  This arrest led to what plaintiff alleges was a malicious criminal prosecution proceeding

3   under "Case # P05CRM0345" in the Superior Court.  (Id.)  Plaintiff alleges a number of claims,

4   discussed in more detail below, that arise out of the March 16, 2005 arrest and resulting

5   prosecution.

6            Of note, on September 6, 2005, plaintiff filed a complaint in this court that relates,

7   in large part, to the events that occurred on December 13, 2003, which gave rise to some of the

8   alleged constitutional violations here.  (See Pl.'s Compl., Easley v. County of El Dorado, et al.,

9   2:05-cv-01780 FCD DAD PS (E.D. Cal.) ("Easley I"), Dkt. No. 1.)  Plaintiff amended his

10  complaint as a matter of right within ten days of filing it.  (Easley I, Dkt. No. 4.)  After granting

11  plaintiff's motion to proceed in forma pauperis, United States Magistrate Judge Dale A. Drozd,

12  who was the magistrate judge assigned to the Easley I matter, screened the amended complaint

13  pursuant to 28 U.S.C. § 1915 and dismissed it without prejudice, providing plaintiff with an

14  opportunity to file a further amended complaint.  (Easley I, Dkt. No. 6.)  Upon plaintiff's failure

15  to file an amended complaint, Magistrate Judge Drozd filed findings and recommendations that

16  recommended dismissal of plaintiff's amended complaint without prejudice.  (Easley I, Dkt.

17  No. 8.)  On June 8, 2006, United States District Judge Frank C. Damrell, Jr. adopted the

18  proposed findings and recommendations after conducting a de novo review and dismissed

19  plaintiff's action without prejudice.  (Easley I, Dkt. No. 17.)  The Clerk of Court entered

20  judgement on that same day.  (Easley I, Dkt. No. 18.)

21          On June 23, 2008, over two years after the dismissal of Easley I, plaintiff filed the

22  complaint and motion to proceed in forma pauperis in the pending action.  (Dkt. No. 1.)  Plaintiff

23  filed an Amended Complaint as a matter of right.  (Dkt. No. 4.)  United States Magistrate Judge

24  Edmund F. Brennan, who was initially assigned to this matter, granted plaintiff's request to

25  proceed in forma pauperis, but dismissed plaintiff's amended complaint pursuant to 28 U.S.C.

26

§ 1915.  (Dkt. No. 6.)  Plaintiff filed a Second Amended Complaint, which included a key or legend that plaintiff intended to be used to decode his pleading, which was filled with symbols, puzzles, anagrams, or cryptographs.  Plaintiff also advised the court that his claims would require an interested reader and some effort; hence, inclusion of the key or legend.  Not amused by plaintiff's game-playing, Magistrate Judge Brennan dismissed the Second Amended Complaint, but charitably did so without prejudice.  (Dkt. No. 12.)  Magistrate Judge Brennan provided plaintiff with "*one final opportunity*" to file a complaint that conformed to the Federal Rules of Civil Procedure, the court's Local Rules, and the court's prior orders.

Plaintiff ultimately filed a Third Amended Complaint, and this matter was reassigned to the undersigned after the undersigned took the bench in February 2010.  (Dkt. Nos. 16, 17.)  The Third Amended Complaint does not contain the puzzles, symbols, and cryptographs present in prior pleadings.  The undersigned ordered that plaintiff's Third Amended Complaint be served on several named defendants.  (Dkt. No. 18.)  All defendants named in the Third Amended Complaint, except defendants Jeff Neves and Hal Barker, subsequently filed the pending motion to dismiss, seeking dismissal of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds plaintiff's claims are either barred by the applicable two-year statute of limitations and are not subject to tolling, or are barred by plaintiff's failure to plead conformity with the presentment requirements of California's Government Claims Act.

Plaintiff filed a written opposition to defendants' motion[3] (Dkt. Nos. 28), and defendants filed a reply brief (Dkt. No. 31).  On October 20, 2010, the day before the hearing on

---

[3]  Plaintiff requested additional time to prepare his written opposition because defendants had failed to properly serve their motion on him.  (Dkt. No. 24.)  Plaintiff filed a written opposition just prior to the court's grant of the requested extension, but filed an amended written opposition after the extension request was granted.  (Dkt. Nos. 25, 26, 28.)  The undersigned has considered the amended opposition.  (Dkt. No. 28.)

1    the pending motion, plaintiff filed a procedurally improper document entitled "Objection to the

2    Defendant's [*sic*] Reply Brief."  (Dkt. No. 32.)  Although plaintiff's "objection," which amounts

3    to a sur-reply, is procedurally improper, the undersigned has, out of an abundance of caution,

4    considered this filing in resolving defendant's motion to dismiss.

5    II.    LEGAL STANDARDS

6            A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

7    challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

8    Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

9    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

10   plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

11   also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a

12   motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

13   to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d

14   1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim

15   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16   reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.

17   Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at

18   1949).  The court accepts all of the facts alleged in the complaint as true and construes them in

19   the light most favorable to the plaintiff.  Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007).

20   The court is "not, however, required to accept as true conclusory allegations that are contradicted

21   by documents referred to in the complaint, and [the court does] not necessarily assume the truth

22   of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen,

23   559 F.3d at 1071 (citations and quotation marks omitted).

24           A claim may be dismissed pursuant to Rule 12(b)(6) on the ground that the claim

25   is barred by the applicable statute of limitations when the expiration of the limitations period is

26

apparent on the face of the complaint.  Von Saher v. Norton Museum of Art at Pasadena, 592

F.3d 954, 969 (9th Cir. 2010) (citing Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th

Cir. 2006)).  A court may also consider judicially noticeable documents in assessing the running

of the statute of limitations.  See Diaz v. Carlson, 5 F. Supp. 2d 809, 815 (C.D. Cal. 1997);

Hernandez v. Sutter W. Capital, No. C 09-03658 CRB, 2010 WL 3385046, at *2 (N.D. Cal. Aug.

26, 2010) (unpublished).  "'[A] complaint cannot be dismissed unless it appears beyond doubt

that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"  Von

Saher, 592 F.3d at 969 (modification in original) (quoting Supermail Cargo, Inc. v. United States,

68 F.3d 1204, 1206 (9th Cir. 1995)).

        The court must construe a pro se pleading liberally to determine if it states a claim

and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See

Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Balistreri v. Pacifica

Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally

construed, particularly where civil rights claims are involved").  In ruling on a motion to dismiss

pursuant to Rule 12(b), the court "may generally consider only allegations contained in the

pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and

quotation marks omitted).

III.    DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE

        In connection with their motion to dismiss, defendants filed two requests for

judicial notice pursuant to Federal Rule of Evidence 201.  (See Req. for Judicial Notice, Dkt.

No. 23, Doc. Nos. 23-4, 23-5, 23-6; see also Am. Req. for Judicial Notice, Dkt. No. 31, Doc.

No. 31.)  Defendants request that the court to take judicial notice of 20 documents that fall into

three categories: (1) criminal complaints and minute orders filed in the underlying criminal

1  actions in the Superior Court (see requests numbered 1-7); (2) pleadings and orders filed in this

2  action (see requests numbered 8-13); and (3) pleadings and orders filed in Easley I, 2:05-cv-

3  01780 FCD DAD PS (see requests numbered 14-20).[4]  (See Am. Req. for Judicial Notice at 2-5.)

4          The undersigned grants defendants' requests for judicial notice of the various

5  court filings despite the fact that the court need not rely on all of these documents to resolve

6  defendants' motion.  The district court may take judicial notice of state court actions where the

7  state court proceedings have a direct relation to the matters at issue.  See, e.g., Betker v. U.S.

8  Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing

9  U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.

10  1992)); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Cactus Corner, LLC v. U.S.

11  Dep't of Agric., 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004).  Similarly, the district court may

12  take notice of proceedings within the federal judicial system where those proceedings have a

13  direct relation to the matters at issue.  See, e.g., Bias, 508 F.3d at 1225; Reyn's Pasta Bella, LLC

14  v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Cactus Corner, LLC, 346 F. Supp. 2d

15  at 1092.  The court filings that are the subject of the Amended Request for Judicial Notice bear

16  directly on the issue of whether plaintiff filed the current lawsuit within the applicable limitations

17  period and whether that limitations period should be tolled for any reason.  Accordingly,

18  defendants' Amended Request for Judicial Notice is granted.[5]

19  ////

20

21  _____

22  [4]  Defendants' Amended Request for Judicial Notice is largely redundant of defendants'
Request for Judicial Notice in that the Amended Request for Judicial Notice requests that the

23  court take judicial notice of 13 documents already included in defendants' original Request for
Judicial Notice.

24  [5]  The grant of the Amended Request for Judicial Notice is limited in that the court does

25  not take notice of the truth of factual findings stated in the noticed documents.  See Wyatt v.
Terhune, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003) ("[W]e have held that taking judicial notice
of findings of fact from another case exceeds the limits of [Federal Rule of Evidence] 201.").

26

1    IV.    DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO RULE 12(b)(6)

2            Plaintiff's Third Amended Complaint Contains ten numbered "Counts" and one

3    unnumbered claim for intentional infliction of emotional distress.  The undersigned first

4    addresses whether the applicable statute of limitations or the presentation requirements of

5    California's Government Claims Act bars each of plaintiff's claim and then addresses plaintiff's

6    arguments regarding relief from any such bars.[6]

7            A.    Count I: False Arrest, Illegal Search, and False Imprisonment (Superior Court
                   Case No. P03CRF0694)
8

9            Plaintiff's first claim for relief alleges that defendants Horn, Cook, and the

10   Sheriff's Office violated plaintiff's rights secured by the Fourth and Fourteenth Amendments to

11   the United States Constitution and, as a result, 42 U.S.C. § 1983.  (Third Am. Compl. at 4-7.)

12   Plaintiff alleges that on December 11, 2003, Officers Horn and Cook unlawfully entered

13   plaintiff's home without warning, conducted an illegal search of his home, and falsely arrested

14   him.  This arrest led to what plaintiff alleges was a malicious prosecution in the Superior Court

15   proceeding under Case No. P03CRF0694.  (See id. at 5.)  Defendants contend that plaintiff's

16   claims of false arrest, illegal search, and false imprisonment are all barred by the two-year statute

17   of limitations that governs Section 1983 claims.

18           "Section 1983 does not contain a statute of limitations."  Fink v. Shedler, 192

19   F.3d 911, 914 (9th Cir. 1999).  Rather, the United States Supreme Court has held that although

20   Section 1983 provides for a federal cause of action, the law of the state in which the cause of

21   action arose governs the length of the statute of limitations.  Wallace v. Kato, 549 U.S. 384, 387

22

23           [6]  As pointed out by defendants, the undersigned notes that plaintiff's written opposition
     does not contest that the applicable limitations period expired as to plaintiff's claims numbered I
24   through VIII and his claim for intentional infliction of emotional distress prior to the filing of this
     action on June 23, 2008.  As to these claims, plaintiff only argued that he is entitled to equitable
25   tolling of the limitations period.  Plaintiff's late-filed "objection" reverses course and indicates
     that plaintiff believes that his claims were indeed timely filed.

26

(2007).  The limitation period that a state provides for "personal-injury torts" applies to Section 1983 claims.  Id.  Under California law, the statute of limitations applicable to personal injury torts is two years.[7]  See Cal. Civ. Proc. Code § 335.1; see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 546 U.S. 820 (2005); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Ambrose v. Coffey, 696 F. Supp. 2d 1119, 1131 (E.D. Cal. 2010).

Although state law governs the length of the applicable limitations period, federal law governs the accrual of a Section 1983 claim.  Wallace, 549 U.S. at 388 (stating that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law").  "Under federal law, the limitations period accrues when a party knows or has reason to know of the injury which is the basis of the cause of action."  Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996) (citation and quotation marks omitted); accord Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam).  Stated somewhat differently, the Supreme Court has explained that the standard rule is that accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  Wallace, 549 U.S. at 388 (citations and quotation marks omitted).

Section 1983 claims premised on an alleged false arrest or illegal search and seizure generally accrue at the time of the alleged false arrest or search and seizure.  See Matthews v. Macanas, 990 F.2d 467, 469 (9th Cir. 1993), abrogated on other grounds; Venegas v. Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) (per curiam).  Here, the alleged false arrest and search and seizure at issue in Count I occurred on December 11, 2003.  (Third Am. Compl. at 4-5.)  Thus, plaintiff's claims in these regards accrued on December 11, 2003, and the statute of limitations period ran on December 11, 2005.  Plaintiff filed the original complaint in this action on June 23, 2008.  (Compl., Dkt. No. 1.)  Accordingly, plaintiff's claims of violations of Section

---

[7]  The parties do not dispute that all of the events that give rise to plaintiff's claims took place in California.

9

1  1983 premised on the false arrest and illegal search and seizure that allegedly occurred in 2003

2  are barred by the applicable two-year statute of limitations.[8]  Any issues related to possible

3  tolling of these claims are discussed below.

4          Plaintiff's claim of false imprisonment based on the December 11, 2003 arrest is

5  also barred by the two-year statute of limitations.  The limitations period on a claim of false

6  imprisonment begins to run when the alleged false imprisonment ends.  Wallace, 549 U.S. at

7  389.  In reference to a claim of false imprisonment arising from an alleged false arrest, the

8  Supreme Court has explained: "Reflective of the fact that false imprisonment consists of

9  detention without legal process, a false imprisonment ends once the victim becomes held

10  *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on

11  charges."  Id.  In Wallace, the Supreme Court stated that "[t]hereafter, unlawful detention forms

12  part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies

13  detention accompanied, not by absence of legal process, but by *wrongful institution* of legal

14  process."  Id. at 390 (citations omitted).  Here, a minute order entered by the Superior Court, of

15  which the court takes judicial notice, indicates that plaintiff was arraigned in Case No.

16  P03CRF0694 on January 20, 2004.  (See Am. Req. for Judicial Notice, Ex. 2.)  Accordingly,

17  under Wallace, plaintiff's false imprisonment claim accrued when he was arraigned on

18  ───────────────

19          [8] Although plaintiff has not raised the matter, there is some question regarding whether
plaintiff's claims premised on the alleged 2003 false arrest and unreasonable search and seizure
20  did not accrue until any criminal charges arising from the arrest and search and seizure were
dismissed or any conviction was overturned.  Such a circumstance would be premised on
21  application of the bar of claims addressed in Heck v. Humphrey, 512 U.S. 477 (1994), as
discussed by the Ninth Circuit Court of Appeals in Harvey v. Waldron, 210 F.3d 1008, 1013-16
22  (9th Cir. 2000).  The undersigned need not engage in a lengthy discussion of such a situation here
because plaintiff's claims were untimely filed even if his claims accrued at the time of the
23  resolution of his criminal matters related to the alleged false arrest and unreasonable search and
seizure.  Those charges were resolved on July 5, 2005, as indicated in a Minute Order entered by
24  the Superior Court of which the court has taken judicial notice.  (See Am. Req. for Judicial
Notice, Exs. 3, 4.)  Accordingly, plaintiff's claims accrued on July 5, 2005, at the latest, and the
25  limitations period ran on July 5, 2007.  Again, plaintiff did not file this action until June 23,
2008.  Accordingly, plaintiff's claims were untimely filed absent tolling.

26

1   January 20, 2004, and the applicable two-year limitations period ran on January 20, 2006.

2   Because plaintiff did not file this action until June 23, 2008, his false imprisonment claim based

3   on Case No. P03CRF0694 is barred by the statute of limitations absent tolling.

4            B.         <u>Count II: Malicious Prosecution (Superior Court Case No. P03CRF0694)</u>

5            In "Count II," plaintiff attempts to plead a claim of malicious prosecution in

6   violation of 42 U.S.C. § 1983 against defendants Horn, Cook, and the Sheriff's Office.  (Third

7   Am. Compl. at 7-8.)  The undersigned construes this claim of malicious prosecution, which

8   names the same defendants named in Count I, as arising from the criminal prosecution of

9   plaintiff in Superior Court Case No. P03CRF0694.[9]  Plaintiff alleges violations of his Fourth and

10   Fourteenth Amendment rights as a result of the initiation of a wrongful criminal prosecution

11   against him.  (<u>Id</u>. at 8.)  Again, defendant moves to dismiss plaintiff's claim of malicious

12   prosecution as barred by the two-year statute of limitations.

13            A claim of malicious prosecution brought pursuant to 42 U.S.C. § 1983 is not

14   complete, and therefore does not accrue for statute of limitations purposes, until the proceedings

15   have been terminated in the plaintiff's favor.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 489-90

16   (1994); <u>see also</u> <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002);

17

18

19         [9] Plaintiff's Third Amended Complaint does not expressly tie the malicious prosecution claim stated in Count II to the criminal charges brought against plaintiff in Case No.

20   P03CRF0694.  However, a fair reading of the allegations contained in Count II—which names the same three defendants that were named in Count I—and the remainder of plaintiff's Third Amended Complaint indicates that plaintiff intended his malicious prosecution claim alleged in

21   Count II to relate to Case No. P03CRF0694 and the arrest that took place on December 11, 2003. Although not expressly stated, plaintiff's allegations might also relate to a criminal prosecution

22   in Superior Court Case No. P04CRF0045, which was consolidated with Case No. P03CRF0694; both prosecutions were ultimately resolved by final order on July 5, 2005.  (<u>See</u> Am. Req. for

23   Judicial Notice, Exs. 3, 4.)

24         Plaintiff also makes a brief reference in Count II to an individual called "Lacy," who is not a named defendant.  Although it is unclear from plaintiff's pleading what relevance Lacy has

25   to this litigation, plaintiff has not alleged any conduct by Lacy that would materially affect the resolution of defendants' motion to dismiss.

26

1  Lim v. City & County of San Francisco, No. C 09-5083 CRB, 2010 WL 1838834, at *6 (N.D.

2  Cal. May 4, 2010) (unpublished).

3          Here, plaintiff alleges in Count II that "[e]ach of the criminal prosecutions

4  terminated in favor of the Plaintiff." (Third Am. Compl. at 8.) The court has also taken judicial

5  notice of a minute order entered by the Superior Court, dated July 5, 2005, which indicates that

6  Case No. P04CRF0045—into which Case No. P03CRF0694 was consolidated—was resolved on

7  July 5, 2005. (Am. Req. for Judicial Notice, Ex. 4; see also id., Ex. 3 (reflecting consolidation of

8  Case Nos. P03CRF0694 and P04CRF0045).) The July 5, 2005 minute order reflects that the

9  government dismissed four criminal counts against plaintiff, and plaintiff pled nolo contendere to

10 one count. (Am. Req. for Judicial Notice, Ex. 4.)

11          As an initial matter, the July 5, 2005 minute order raises questions regarding

12 whether plaintiff can even state a cognizable malicious prosecution claim given that not all of the

13 counts were necessarily resolved in his favor. The undersigned need not resolve this question

14 here because defendants have only moved to dismiss Count II on the basis of the statute of

15 limitations and, in any event, the undersigned takes as true plaintiff's allegation that each

16 criminal prosecution was resolved in his favor. Thus, construing the July 5, 2005 order as

17 resolving the criminal proceedings attendant to Superior Court Case No. P03CRF0694 in

18 plaintiff's favor, plaintiff's Section 1983 claim for malicious prosecution accrued on July 5,

19 2005. As a result, the two-year limitations period as to this claim expired on July 5, 2007.

20 Accordingly, plaintiff's claim of malicious prosecution filed June 23, 2008, was, absent tolling,

21 untimely filed and is barred by the statute of limitations.

22          C.      Count III: Fabrication of Evidence (Superior Court Case No. P03CRF0694)

23          Plaintiff's third claim for relief, "Count III," alleges that defendants Horn, Cook,

24 the County of El Dorado, and the Sheriff's Office violated plaintiff's rights secured by the Fourth

25 and Fourteenth Amendments to the U.S. Constitution and, as a result, 42 U.S.C. § 1983, by

26

1    fabricating evidence in connection with a criminal investigation and prosecution of plaintiff.

2    (See Third Am. Compl. at 8-9.)  Specifically, plaintiff alleges that these defendants "concealed

3    evidence of Plaintiff's actual innocence," produced false and misleading police reports,

4    misrepresented the truth in criminal proceedings, manipulated toxicology reports, and "planted"

5    drugs on plaintiff.  (Id. at 9.)  As with plaintiff's claims asserted in Count II, the undersigned

6    construes this claim of fabrication of evidence as arising from the criminal prosecution of

7    plaintiff in Superior Court Case No. P03CRF0694.  Defendants contend that the claim stated in

8    Count III is barred by the applicable two-year statute of limitations.

9            Plaintiff's claim in Count III implicates plaintiff's due process right not to be

10   subjected to criminal charges on the basis of false evidence that is deliberately fabricated by the

11   government.  See Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) ("[W]e

12   are persuaded that there is a clearly established constitutional due process right not to be

13   subjected to criminal charges on the basis of false evidence that was deliberately fabricated by

14   the government.").  To state such a claim, a plaintiff "must, *at a minimum*, point to evidence that

15   supports at least one of the following two propositions: (1) Defendants continued their

16   investigation of [the plaintiff] despite the fact that they knew or should have known that he was

17   innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that

18   they knew or should have known that those techniques would yield false information."  Id. at

19   1076.

20           For the purposes of accrual of plaintiff's deliberate fabrication of evidence claim,

21   the undersigned concludes that, based on plaintiff's Third Amended Complaint, plaintiff's claim

22   accrued no later than July 5, 2005, which is the date that the consolidated cases numbered

23   P03CRF0694 and P04CRF0045 were resolved by order.  (Am. Req. for Judicial Notice, Ex. 4.)

24   Plaintiff has not alleged either in his Third Amended Complaint or his written opposition any

25   facts that would result in a conclusion that his deliberate fabrication of evidence claim was not

26

13

1   complete as of the resolution of the criminal prosecutions.  Accordingly, the undersigned

2   concludes that plaintiff's deliberate fabrication of evidence claim related to the criminal

3   prosecutions in the cases numbered P03CRF0694 and P04CRF0045 accrued on July 5, 2005, and

4   the limitations period expired on July 5, 2007.  Accordingly, plaintiff's claim, filed at the earliest

5   on June 23, 2008, is barred by the two-year statute of limitations absent relief in the form of

6   tolling.

7          D.      Count V: False Arrest (Superior Court Case No. P05CRM0345)[10]

8                  In "Count V" of the Third Amended Complaint, plaintiff alleges that defendants

9   Tracy, the County of El Dorado, and the Sheriff's Office violated 42 U.S.C. § 1983 as a result of

10  alleged infringements of plaintiff's constitutional rights secured by the Fourth and Fourteenth

11  Amendment to the U.S. Constitution.  Plaintiff alleges in Count V that defendant Tracy, who

12  plaintiff alleges was an officer with the Sheriff's Office (Third Am. Compl. at 3), effectuated a

13  false arrest of plaintiff on or about March 16, 2005.  (Id. at 11.)  He alleges that he was near his

14  home when Officer Tracy "accosted the plaintiff & used physical force and laid hands upon the

15  plaintiff and handcuffed his hands behind his back, falsely imprisoning him and . . . unlawfully

16  arrested the plaintiff, without any right to do so, and charged him with the crime of: 243(e)(1)

17  P.C."  (Id.)  In connection with this claim, plaintiff refers to "Case # P05CRM0345."  (Id.)  The

18  Criminal Complaint filed in Superior Court Case No. P05CRM0345, of which the court has

19  taken judicial notice, indicates that plaintiff was charged with battery of a spouse in violation of

20  California Penal Code § 243(e)(1).  (Am. Req. for Judicial Notice, Ex. 5.)

21                 Defendant moves to dismiss Count V as barred by the applicable two-year statute

22

23          _____

24          [10]  Generally stated, plaintiff's claim labeled "Count IV" alleges Section 1983 municipal
        liability as a result of the supervisory actions of defendants Neves, Barker, Tracy, Horn, and
        Cook.  (See Third Am. Compl. at 10.)  Because the timeliness of this hinges on plaintiff's other

25      Section 1983 claims, the undersigned will address Count IV after resolving the non-municipal
        liability claims alleged in Counts V, VI, VII, IX, and X.

26

of litigations.  As discussed above, Section 1983 claims premised on an alleged false arrest or

illegal search and seizure generally accrue at the time of the alleged false arrest.  See Matthews,

990 F.2d at 469; Venegas, 704 F.2d at 1146.  Here, the false arrest alleged in Count V occurred

on March 16, 2005.  (Third Am. Compl. at 11.)  Thus, plaintiff's false arrest claim accrued on

March 16, 2005, and the statute of limitations expired on March 16, 2007.  Plaintiff filed the

original complaint in this action on June 23, 2008.  (Compl., Dkt. No. 1.)  Accordingly,

plaintiff's claim of a violation of Section 1983 premised on his alleged false arrest in 2005 is

barred by the applicable two-year statute of limitations, absent tolling relief.[11]

      E.    Count VI: Fabrication of Evidence (Superior Court Case No. P05CRM0345)

      In Count VI, plaintiff alleges a second claim for deliberate fabrication of evidence

in violation of 42 U.S.C. § 1983, which arises from Officer Tracy's arrest of plaintiff for alleged

battery of a spouse.  (Third Am. Compl. at 12-13.)  A fair reading of plaintiff's operative

pleading leads to the conclusion that plaintiff's fabrication of evidence claim relates to the arrest

that is alleged to have occurred on March 16, 2005.  Plaintiff alleges that Officer Tracy, the

Sheriff's Office, and the County of El Dorado "produced a false and misleading police report that

would and did misrepresent the truth and that would be used in the criminal proceedings

instituted against the plaintiff."  (Id. at 12.)  In essence, plaintiff alleges that Officer Tracy

"fraudulently arrested plaintiff for the crime of spousal abuse" when Officer Tracy knew that

plaintiff, and not the alleged victim, was the true victim of abuse.  (See id. (alleging that "the

officer knew that it was the plaintiff who was the bruised, bloodied and beaten victim of a crime

---

[11]  As with the false arrest that plaintiff alleges occurred in 2003, the issue arises whether plaintiff's claim accrued at the time of the alleged false arrest or once any resulting criminal were dismissed or resolved in plaintiff's favor.  (See, supra, footnote 8.)  On April 19, 2005, the El Dorado County Superior Court dismissed Case No. P05CRM0345 with "[n]o further appearance scheduled."  (Am. Req. for Judicial Notice, Ex. 7.)  Under this scenario, plaintiff's false arrest claim accrued on April 19, 2005, at the latest, and the limitations period expired on April 19, 2007.  Thus, plaintiff's filing of the present action on June 23, 2008, is nonetheless untimely absent application of tolling.

1   and that it was Mrs. Crows [*sic*] knuckles that had the welts on them").)

2          Defendants move to dismiss plaintiff's second claim for deliberate fabrication of

3   evidence as untimely filed.  For the purposes of accrual of plaintiff's deliberate fabrication of

4   evidence claim, the undersigned concludes that, based on the allegations in the Third Amended

5   Complaint, plaintiff's claim accrued no later than April 19, 2005, which is the date that the Case

6   No. P05CRM0345 was dismissed by minute order.  (Am. Req. for Judicial Notice, Ex. 7.)  It is

7   apparent that plaintiff would have known of the falsity of the police report at the time it was

8   presented.  Plaintiff has not alleged either in his Third Amended Complaint or his written

9   opposition any facts that would result in a conclusion that his deliberate fabrication of evidence

10  claim was not complete as of the dismissal of the criminal prosecution.  Accordingly, the

11  undersigned concludes that plaintiff's deliberate fabrication of evidence claim related to the

12  criminal prosecution in Case No. P05CRM0345 accrued on April 19, 2005, and the limitations

13  period expired on April 19, 2007.  Accordingly, plaintiff's claim, filed at the earliest on June 23,

14  2008, is barred by the two-year statute of limitations absent relief in the form of tolling.

15          F.     Count VII: Malicious Prosecution (Superior Court Case No. P05CRM0345)

16          In "Count VII," plaintiff alleges a claim of malicious prosecution in violation of

17  42 U.S.C. § 1983 that resulted from the criminal prosecution of plaintiff in Superior Court Case

18  No. P05CRM0345.  (Third Am. Compl. at 13.)  He alleges that this criminal prosecution for a

19  violation of California Penal Code § 243(e)(1) deprived him of his Fourth and Fourteenth

20  Amendment rights and was ultimately terminated in his favor.  (Third Am. Compl. at 13.)

21  Plaintiff asserts this claim against defendants Tracy, the Sheriff's Office, and the County of El

22  Dorado.[12]  (Id.)

23  _____

24          [12]  As with the malicious prosecution claim alleged by plaintiff in Count II, plaintiff
    references the individual called "Lacy," who is not a named defendant, in Count VII.  (Third Am.
25  Compl. at 13.)  As noted above, plaintiff has not alleged any specific conduct by Lacy that would
    materially affect the resolution of defendants' motion to dismiss.
26
                                      16

1          Again, defendants move to dismiss plaintiff's claim of malicious prosecution as

2 barred by the two-year statute of limitations.  As discussed above, a claim of malicious

3 prosecution brought pursuant to 42 U.S.C. § 1983 is not complete, and therefore does not accrue

4 for the purpose of evaluating the running of the statute of limitations, until the proceedings have

5 been terminated in the plaintiff's favor.  See Heck, 512 U.S. at 489-90; see also RK Ventures,

6 Inc., 307 F.3d at 1060 n.11.

7          Here, plaintiff alleges in Count VII that "[t]he criminal prosecution terminated in

8 favor of the Plaintiff."  (Third Am. Compl. at 13.)  The court has taken judicial notice of a

9 minute order entered by the Superior Court, which reflects that the deputy district attorney orally

10 moved to dismiss Case No. P05CRM0345 on April 19, 2005, and that the Superior Court granted

11 that motion with "[n]o further appearance scheduled."  (Am. Req. for Judicial Notice, Ex. 7.)  As

12 a result of the dismissal of Case No. P05CRM0345, plaintiff's claim for malicious prosecution

13 based on that criminal prosecution accrued on April 19, 2005, and the limitations period expired

14 on April 19, 2007.  Plaintiff did not file his complaint until June 23, 2008 and, accordingly, his

15 claim is time-barred absent application of a tolling doctrine.

16       G.   Count IX: Conspiracy In Violation of 42 U.S.C. § 1983

17          In "Count IX" of the Third Amended Complaint, plaintiff alleges that defendants

18 Horn, Cook, Tracy, the County of El Dorado, the Sheriff's Office, and the "Supervisory

19 Defendants" engaged in a conspiracy to violate his civil rights in violation of Section 1983.

20 (Third Am. Compl. at 15-16.)  Although difficult to decipher, plaintiff's appears to allege that

21 these defendants conspired to deprive plaintiff of several of his constitutional rights by

22 effectuating an illegal search and seizure, commencing "governmentally sanctioned religious

23 persecution of the Plaintiff,"[13] "bringing forth criminal charges against the Plaintiff," causing

24

25      [13]  Plaintiff's purported "religious persecution" claim is incomprehensible.  However, it

26 need not be addressed in detail here because plaintiff's late-filed "objection" document makes it

plaintiff to be prosecuted for "purposes none other than 'spiteful ill will.'" (See id.)  Thus, it

appears that plaintiff's conspiracy claim is largely derived from his other Section 1983 claims.

Defendant moves to dismiss plaintiff's Section 1983 conspiracy claim on the grounds that it is

time-barred as derivative of plaintiff's other Section 1983 and, in any event, the last overt act in

the conspiracy is alleged to have occurred outside of the applicable limitations period.  Plaintiff

counters that the facts underlying his conspiracy claim were "inherently unknowable at the time

he was injured."  (Pl.'s Opp'n to Mot. to Dismiss at 3-4.)

   The Ninth Circuit Court of Appeals generally "determines the accrual of civil

conspiracies for limitations purposes in accordance with the last overt act doctrine."  Gibson v.

United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987).  In

Gibson, the Court of Appeals explained that "[u]nder this doctrine, injury and damage in a civil

conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy."  Id.

(citations, quotation marks, and modification omitted).  As a result, "the cause of action runs

separately from each overt act that is alleged to cause damage to the plaintiff," and a plaintiff

may only recover for the overt acts that are specifically alleged to have occurred within the

limitations period.  Id.  However, the Court of Appeals has also stated, in a case that pre-dated

Gibson, that it is inappropriate to apply "the 'last overt act' test in cases alleging conduct tainting

or distorting the integrity of the truth finding process and thus denying a fair trial."  Venegas, 704

F.2d at 1146.  As stated in Venegas, the court will apply the last overt act test where the alleged

wrongful conduct consists of "discrete acts completed prior to trial"—such as filing charges

under an unconstitutional statute, unlawful search and seizure, false arrest, and filing of a

groundless criminal complaint—and will deviate from that test where the alleged wrongful

_____

clear that plaintiff "is not raising these particular claims in his current [Third Amended
Complaint] presently before the Court." (Dkt. No. 32 at 4.)  This document clarifies that
plaintiff's allegations of religious persecution relate to Easley I and are not at issue here.

1   conduct relates to the denial of a fair trial that leads to a wrongful conviction and incarceration.

2   Id.  In such wrongful conviction cases where the last overt act test does not apply, a plaintiff's

3   claim related to the unfairness of his or her trial will accrue when the conviction is reversed on

4   appeal.

5               Here, plaintiff is not alleging that he was actually denied a fair trial that led to a

6   wrongful criminal conviction and incarceration.  Thus, the last overt doctrine applies in this case.

7   And as defendants note, the last acts *of any type* alleged in the Third Amended Complaint, let

8   alone acts in furtherance of a conspiracy, relate to the dismissal of the criminal charges in

9   Superior Court Case No. P05CRM0345, which occurred on April 19, 2005.  As a result,

10  plaintiff's conspiracy claim would have accrued on April 19, 2005, and plaintiff would have had

11  to file this claim on or before April 19, 2007.  At the hearing on defendants' motion, plaintiff

12  confirmed that all of defendants' acts relevant to his conspiracy claim occurred at the latest by

13  the end of 2005.  Accordingly, even assuming, alternatively, that some overt act occurred at the

14  end of the year 2005, plaintiff's conspiracy claim would have accrued at the latest on

15  December 31, 2005, and his claim would have been barred, absent tolling, on December 31,

16  2007.

17          H.    Count X: Abuse of Process In Violation of 42 U.S.C. § 1983

18              In "Count X," entitled "Abuse and Perversion of Regularly Issued Process,"

19  plaintiff alleges that defendants Horn, Cook, Tracy, the County of El Dorado, the Sheriff's

20  Office, and the "Supervisory Defendants" deprived plaintiff of his First, Fourth, Fourteenth

21  Amendment rights.  (Third Am. Compl. at 16-17.)  Plaintiff's "abuse of process" claim is almost

22  entirely derivative of his other Section 1983 claims in that this claim is premised on the

23  allegations that the defendants targeted plaintiff for false arrest and for criminal prosecutions,

24  which were terminated in plaintiff's favor.  (Id. at 17.)  Plaintiff has not alleged facts related to

25  separate incidents that independently give rise to Section 1983 liability other than the arrests and

26

resulting prosecutions in 2003 and 2005.  Because plaintiff's Third Amended Complaint alleges

no facts that would suggest that the Section 1983 claim alleging an abuse of process could have

accrued at any time after the termination of the 2003 and 2005 criminal prosecutions, the

undersigned concludes that plaintiff's abuse of process claim is barred by the applicable two-year

limitations period applicable absent tolling.

I.     Count IV: Municipal Liability Pursuant to Section 1983

Count IV in plaintiff's Third Amended Complaint alleges a claim of municipal

liability pursuant to 42 U.S.C. § 1983.[14]  (Third Am. Compl. at 10.)  With respect to the

defendants against whom this claim is asserted, plaintiff states: "Against the Supervisory

Defendants in their official capacities, Jeff Neves, Hal Barker, in his official capacity with

respect to El Dorado Police Dept., the Sheriff Dept. and the County of El Dorado. Tracy, Horn,

Cook)[.]"[15]  (Id.)  Plaintiff alleges that the "Supervisory Defendants and other officials in the

County of El Dorado having final policymaking authority for the El Dorado Police had

contemporaneous knowledge through the chain of command that the El Dorado Police officers

were conducting manipulative police arrests that violated constitutional standards, concealing

evidence of Plaintiff's innocence, fabricating false evidence, and making false public statements

regarding Plaintiff and his family."  (Id.)  Defendants argue that plaintiff's municipal liability

claim is barred by the two-year statute of limitations applicable to Section 1983 claims because

all of the alleged constitutional violations implicated by the municipal liability claim are time-

barred.  (Def.'s Memo. of P. & A. in Supp. of Mot. to Dismiss at 8 ("Thus, because the only

alleged constitutional violations set forth in the Complaint are barred by the statute of limitations,

---

[14]  The header for Count IV states: "VIOLATIONS OF 42 U.S.C. § 1983 (MONELL v. DEP'T OF SOCIAL SERVS., 436 U.S. 658 (1977))."  (Third Am. Compl. at 10.)

[15]  The fact that it is unclear against whom exactly plaintiff intends to assert this municipal liability claim is not material because this claim is barred by the applicable statute of limitations period absent any successful tolling argument.

1    Plaintiff's *Monell* claim is likewise barred.").)

2          Municipalities and other local government units may be liable under Section

3    1983.  See Monell v. Department of Social Services, 436 U.S. 658, 690-94 (1978); Levine v. City

4    of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) ("A city can be sued for monetary damages under

5    42 U.S.C. § 1983 if the constitutional violation was a product of a policy, practice, or custom

6    adopted and promulgated by the city's officials.").  In order to establish municipal liability, a

7    plaintiff in this circuit "must establish: (1) that he [or she] possessed a constitutional right of

8    which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy

9    amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy

10   was the moving force behind the constitutional violation."  Miranda v. City of Cornelius, 429

11   F.3d 858, 868 (9th Cir. 2005) (citation and quotation marks omitted, modification in original);

12   see also Levine, 525 F.3d at 907 ("To establish liability, a plaintiff must establish that he was

13   deprived of a constitutional right and that the city had a policy, practice, or custom which

14   amounted to 'deliberate indifference' to the constitutional right and was the 'moving force'

15   behind the constitutional violation.") (citation omitted).

16          The undersigned agrees with defendants that to the extent that plaintiff's claims

17   regarding false arrest and deliberate fabrication of evidence are time-barred, so is plaintiff's

18   municipal liability claim.  As discussed above, plaintiff's claims of false arrest and deliberate

19   fabrication of evidence are time-barred absent tolling.  These are the only acts that plaintiff

20   alleges give rise to municipal liability, and plaintiff knew or had reason to know of the injuries

21   that form the basis of his municipal liability claim at the latest in 2005.  Plaintiff has not alleged

22   some separate incident of a constitutional violation that would support a claim for municipal

23   liability.  Moreover, plaintiff does not argue that his municipal liability claim accrued at some

24   later time; he argues that he is entitled to equitable tolling as to this claim.  Thus, absent tolling,

25   plaintiff's municipal liability claim should be dismissed.

26

J. Count VIII:  Negligent Supervision, Hiring, Training, Discipline, and Retention

In "Count VIII," plaintiff alleges that the "Supervisory Defendants" and defendants Barker, Neves, Horn, Cook, Tracy, Hopkins, the County of El Dorado, the "Town of Placerville,"[16] the Sheriff's Office, and the "Probation Dept." are liable for the negligent hiring, training, supervision, discipline, and retention of "El Dorado Police personnel."  (Third Am. Compl. at 14.)  The undersigned will refer to this claim, which appears to be brought only pursuant to California state law, as the "negligence claim."  Defendants contend that plaintiff's negligence claim should be dismissed because it is time-barred and because plaintiff failed to comply with the claims presentation requirements of California's Government Claims Act.  In his written opposition, plaintiff asserts that he and his mother attempted to plaintiff's claims to the Board of Supervisors for the County of El Dorado in or around November or December of 2005, but his complaint was refused by "the clerk," who allegedly informed plaintiff that he could not serve his complaint until the federal court ordered plaintiff to serve it.  (Pl.'s Opp'n to Mot. to Dismiss at 1 & attached Decl. of Catherine Easley.)  At the hearing, however, plaintiff confirmed that he and his mother were only attempting to serve the complaint in Easley I in November or December of 2005, not that plaintiff was attempting to present his claims in conformity with the Government Claims Act.

California's Government Claims Act, which is also known as the California Tort Claims Act,[17] provides that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six

---

[16]  The "Town of Placerville" is not a named defendant.

[17]  In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of the more traditional "California Tort Claims Act" to adequately capture the breadth of the statutory framework and to reduce confusion over issues such as whether breach of contract claims fall within the statutory provisions.  See City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 & ns. 6-7, 171 P.3d 20, 27-28 & ns. 6-7 (2007).

months after the cause of action accrues.[18]  See Cal. Govt. Code §§ 905, 911.2, 945.4, 950-950.2.

Timely presentation of claims is not merely a procedural requirement but is an element of the

plaintiff's cause of action.  Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209, 164 P.3d 630,

634 (2007) ("Timely claim presentation is not merely a procedural requirement, but is, as this

court long ago concluded, a condition precedent to plaintiff's maintaining an action against

defendant, and thus an element of the plaintiff's cause of action" (citation and quotation marks

omitted).).  A plaintiff may sue the public entity and its employees only after the entity has acted

upon or is deemed to have rejected the claim.  Id.; see also Mangold v. Cal. Pub. Utilities

Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a

condition precedent to suit against a public entity, the timely presentation of a written claim and

the rejection of the claim in whole or in part.").  A plaintiff's "failure to allege facts

demonstrating or excusing compliance with the claims presentation requirement subjects a claim

against a public entity" to dismissal for failure to state a claim.[19]  See State v. Superior Court

(Bodde), 32 Cal. 4th 1234, 1239, 90 P.3d 116, 119 (2004).

Plaintiff did not allege compliance with the Government Claims Act in his Third

Amended Complaint.  This alone mandates dismissal of his negligence claim because

presentation of the claim is an element of the claim itself.  Accordingly, the undersigned will

recommend dismissal of plaintiff's negligence claim.  The undersigned will also recommend that

such a dismissal be with prejudice.  Although plaintiff's written opposition and the attached

---

[18]  A state claim presentment requirements do not apply to *federal* civil rights actions.
Ford v. Long Beach Unified Sch. Dist., 461 F.3d 1087, 1089-90 (9th Cir. 2006).

[19]  The Ninth Circuit Court of Appeals has held that a district court may properly dismiss
supplemental state law claims for failure to allege compliance or an excuse from compliance
with the claims presentation requirement, but errs by failing to instruct a plaintiff regarding the
necessity of alleging compliance with the exhaustion requirements.  See Karim-Panahi v. L.A.
Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

1   declaration of Catherine Easley[20] suggest that plaintiff attempted to comply with the presentation

2   requirements of the Government Claims Act in November or December of 2005 and that the

3   county clerk refused the submission, plaintiff clarified at the hearing that at that time he was only

4   trying to serve the complaint in Easley I on the County of El Dorado.  The county clerk's refusal

5   of the submission makes sense in the context of service of the complaint because plaintiff was

6   proceeding in forma pauperis in Easley I, and the complaint of a plaintiff proceeding in forma

7   pauperis may not be served until the court approves service and orders such service by the United

8   States Marshal.  See 28 U.S.C. §§ 1915(d), (e); Fed. R. Civ. P. 4(c)(3).  Accordingly, the

9   undersigned finds that plaintiff would not be able to plead timely compliance with the

10  Government Claims Act's claims presentation requirements even if given an opportunity to file a

11  fourth amended complaint.

12         K.   Plaintiff's Claim of Intentional Infliction of Emotional Distress

13         Plaintiff's Third Amended Complaint contains an unnumbered state law claim for

14  intentional infliction of emotional distress ("IIED").  This claim states, in its entirety: "That

15  because of the actions of the Defendants, the Plaintiff has suffered great emotional distress."

16  (Third Am. Compl. at 19.)  Defendants move to dismiss this IIED claim on the grounds that:

17  (1) it fails to state a claim on which relief can be granted, (2) it is time-barred, and (3) plaintiff

18  failed to comply with the presentment requirements of the Government Claims Act.

19         The undersigned agrees that plaintiff has failed to allege a cognizable claim for

20  IIED.  To state a claim for intentional infliction of emotional distress under California law, a

21  plaintiff must satisfactorily allege the following elements: "(1) extreme and outrageous conduct

22  by the defendant with the intention of causing, or reckless disregard of the probability of causing,

23

24      [20]  Although Catherine Easley's declaration is not judicially noticeable, the undersigned

25  has considered it in order to give plaintiff every chance to demonstrate why the dismissal of his state law claims should be without prejudice.

26

1   emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and

2   (3) actual and proximate causation of the emotional distress by the defendant's outrageous

3   conduct." <u>Hughes v. Pair</u>, 46 Cal. 4th 1035, 1050, 209 P.3d 963, 976 (2009) (citations and

4   quotation marks omitted).  The California Supreme Court has explained that "outrageous"

5   conduct is that which is so "extreme as to exceed all bounds of that usually tolerated in a

6   civilized community," and that "the defendant's conduct must be intended to inflict injury or

7   engaged in with the realization that injury will result." <u>Id</u>. (citations and quotation marks

8   omitted).  Plaintiff has not alleged facts that would support a claim for IIED under California law

9   and, as a result, this claim should be dismissed.

10          Whether this claim should be dismissed with or without leave to amend largely

11  depends on the success of defendants' remaining challenges to the IIED claim.  For the reasons

12  stated above with respect to plaintiff's negligence claim, plaintiff's IIED claim should be

13  dismissed with prejudice because plaintiff failed to plead compliance with the claims

14  presentation requirement of the Government Claims Act, and nothing suggests that plaintiff

15  could plead compliance therewith.

16          L.      <u>Plaintiff's Request for Equitable Tolling</u>

17          Finally, the undersigned addresses whether plaintiff's otherwise time-barred

18  claims are saved by the doctrine of equitable tolling.  Plaintiff's written opposition only relies on

19  the filing of <u>Easley I</u> in 2005 as the basis for his equitable tolling argument.  (Pl.'s Opp'n to Mot.

20  to Dismiss at 9.)

21          In assessing the timeliness of claims brought pursuant to 42 U.S.C. § 1983, courts

22  apply the forum state's laws regarding tolling except to the extent that such laws are inconsistent

23  with federal law.  <u>See</u>, <u>e.g.</u>, <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (9th Cir. 2007)

24  (citing <u>Jones</u>, 393 F.3d at 927); <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th Cir. 2002).  The

25  California Supreme Court has explained that "[e]quitable tolling is a judge-made doctrine which

26

1    operates independently of the literal wording of the Code of Civil Procedure to suspend or extend

2    a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v.

3    Centex Homes, 31 Cal. 4th 363, 370, 73 P.3d 517, 523 (2003) (citation and quotation marks

4    omitted). The equitable tolling doctrine is "designed to prevent unjust and technical forfeitures

5    of the right to a trial on the merits when the purpose of the statute of limitations—timely notice

6    to the defendant of the plaintiff's claims—has been satisfied." McDonald v. Antelope Valley

7    Cmty. College Dist., 45 Cal. 4th 88, 99, 194 P.3d 1026, 1031 (2008) (citation and quotation

8    marks omitted). "Under California law, tolling is appropriate in a later suit when an earlier suit

9    was filed and where the record shows: (1) timely notice to the defendant in filing the first claim;

10   (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim;

11   and (3) good faith and reasonable conduct by the plaintiff in filing the second claim."[21] Azer,

12   306 F.3d at 936 (citation and quotation marks omitted).

13            The undersigned concludes that plaintiff is not entitled to equitable tolling under

14   the facts of this case because plaintiff did not pursue his claims in another forum in good faith or

15   in a reasonable manner. It is not the case that plaintiff diligently pursued his claims in one

16   forum, such as in state court or an administrative forum, to the exclusion of another and then

17   subsequently filed the federal action and requested tolling. Rather, plaintiff filed Easley I in this

18   court in 2005, allowed that action to be dismissed for failure to file an amended complaint, and

19   then filed a subsequent federal action in this court in 2008 after substantial delay. Accordingly,

20   the undersigned finds a lack of good faith and reasonable conduct that would support the

21   application of equitable tolling in this case. See Ervin v. L.A. County, 848 F.2d 1018, 1020 (9th

22

23            [21] "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff: If a
     reasonable plaintiff would not have known of the existence of a possible claim within the
24   limitations period, then equitable tolling will serve to extend the statute of limitations for filing
     suit until the plaintiff can gather what information he needs.'" Lukovsky v. City & County of
25   San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (quoting Johnson v. Henderson, 314 F.3d
     409, 414 (9th Cir. 2002)).

26

Cir. 1988) (holding that plaintiff's unwarranted delay of a year and a half before filing her federal civil rights claim was "neither reasonable nor in good faith"), cert. denied, 489 U.S. 1014 (1989); see also Diggs v. Williams, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. June 8, 2006) (unpublished) ("California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action.") (collecting cases); Hu v. Silgan Containers Corp., 70 Cal. App. 4th 1261, 1270-71, 83 Cal. Rptr. 2d 333, 339 (Ct. App. 1996) (holding that plaintiff was not entitled to equitable tolling premised on a "defective first action").

In his written opposition and procedurally improper "objection" to defendants' reply brief, plaintiff argues that equitable tolling is appropriate on the grounds that he was being subjected to "harassment" by unknown individuals through use of, among other things, "highly advanced technological devices emitting some form of wave causing a numbing effect and a general malaise" that limited his ability to function.  (See Pl.'s Opp'n to Mot. to Dismiss at 9-15; Pl.'s Obj. to Defs.' Reply Br. at 4-9.)  Plaintiff also alleges that some noxious gaseous agent was used against him and that he was told that he would be exposed to asbestos if he pursued his lawsuit.  Plaintiff asserts that the malaise and fear that resulted from the "harassment" began to wear off in or around early 2007.  The undersigned is skeptical of these allegations of harassment and suspects that these assertions are in line with plaintiff's previous games, puzzles, and cryptographs that resulted, in part, in the dismissal of plaintiff's first and second amended complaints in this action.  In any event, even assuming that plaintiff's allegations are true, plaintiff waited nearly a year and a half from the time the alleged harassment began to wear off before filing this action on June 23, 2008.  Even if true, these facts still present too long a delay to justify application of equitable tolling.

////

////

27

IV.     CONCLUSION

            For the foregoing reasons, IT IS HEREBY ORDERED that the moving

defendants' Amended Request for Judicial Notice is granted.

            IT IS FURTHER RECOMMENDED that:

            1.      The motion to dismiss plaintiff's Third Amended Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 23) be granted.

            2.      All claims alleged in plaintiff's Third Amended Complaint be dismissed

with prejudice.

            These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."  Any response to the objections shall be filed with the court and served on

all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

1153, 1156-57 (9th Cir. 1991).

            IT IS SO ORDERED AND RECOMMENDED.

DATED:  November 2, 2010




                                                    _____
                                                    KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE