IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. EASLEY,

      Plaintiff,                      No. 2:08-cv-01432 MCE KJN PS

     v.

COUNTY OF EL DORADO, et al.,

      Defendants.           <u>ORDER</u>

_____/

        On February 11, 2011, this court entered judgment in favor of defendants in this case, and plaintiff subsequently filed a notice of appeal. (Judgment, Dkt. No. 41; Notice of Appeal, Dkt. No. 42.) Presently before the court is plaintiff's "Inquiry Regarding the Transcripts of the Hearing Held on 10/21/2010 In This Case," through which plaintiff seeks information pertaining to whether a transcript of a hearing held before the undersigned on October 21, 2010, was prepared and how he might obtain a copy.[1] (Inquiry, July 7, 2011, Dkt. No. 49.) Plaintiff and defendants requested the production of a transcript of the October 21, 2010 hearing (Dkt. Nos. 43, 45), and such a transcript was entered on the court's docket on March 28, 2011. (Transcript, Dkt. No. 48.) The docket text accompanying the entry of the 12-page transcript on

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

the docket states:

> TRANSCRIPT of Defendant's Motion to Dismiss Proceedings held on 10/21/2010, before Magistrate Judge Kendall J. Newman. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 4/18/2011. Redacted Transcript Deadline set for 4/28/2011. Release of Transcript Restriction set for 6/27/2011 . . . .

It appears from the docket that plaintiff, who is proceeding pro se and thus does not receive electronic notices of court filings, see Local Rule 133(b)(2), was never served with notice of the docket entry pertaining to the production of the transcript. In light of this inadvertent lack of notice and plaintiff's IFP status, the undersigned directs the Clerk of Court to send a copy of the relevant transcript to plaintiff.

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court is directed to send to plaintiff a copy of the 12-page transcript of the October 21, 2010 hearing, which appears on the court's docket at docket entry number 48.

IT IS SO ORDERED.

DATED: July 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE